IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. WOODS,<br>    Plaintiff<br><br>    v.<br><br>GEORGE RALSTON, *et al.*,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    No. 1:23-cv-2029<br><br>    (Judge Rambo) |

## **MEMORANDUM**

This is a prisoner civil right case filed pursuant to 42 U.S.C. § 1983 in which *pro se* Plaintiff Thomas E. Woods ("Woods") alleges violations of his civil rights by various employees of Huntingdon State Correctional Institution ("SCI-Huntingdon") and Rockview State Correctional Institution ("SCI-Rockview") who are purportedly engaged in a conspiracy to violate his rights. In accordance with the Prison Litigation Reform Act ("PLRA"), the court has conducted an initial review of Woods's complaint. For the reasons set forth below, the court will dismiss the complaint without prejudice and grant Woods leave to file an amended complaint.

### I.    BACKGROUND

Woods filed this case on November 21, 2023, and the court received and docketed the complaint on December 7, 2023. (Doc. No. 1.) The complaint

asserts claims against forty defendants who are purportedly engaged in an "ongoing conspiracy committed under a Buddy-Buddy-System." (*Id.* at 5-20.)[1]

The complaint contains very few factual allegations that are entitled to the assumption of truth to support the conclusory assertion of a "buddy-buddy" conspiracy. According to the complaint, Woods ruptured his Achilles tendon on July 6, 2018 while playing basketball in SCI-Huntingdon. (*Id.* at 21.) Woods underwent surgery on July 31, 2018 to correct the injury. (*Id.* at 22.) Woods purportedly suffered complications from the surgery that required a long period of recovery over the following three years. (*Id.*)

During recovery from his surgery, Woods allegedly assisted another inmate, Miguel Molina, with filing administrative grievances regarding the conditions of his confinement in SCI-Huntingdon. (*Id.*) The complaint alleges in conclusory fashion that Defendants Ralston and Price directed all other Defendants to retaliate against Woods for doing so as part of the alleged "buddy-buddy" conspiracy. (*Id.* at 24-25.) Woods purportedly filed a lawsuit complaining about this retaliation in

---

[1] In accordance with the legal standard set forth below, the court accepts the allegations in the complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017). Mere conclusory statements, however, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In addition, *pro se* documents are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, Plaintiff's complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

the Huntingdon County Court of Common Pleas on December 7, 2022.  (*Id.* at 25.)  The complaint does not specify what actions Defendants took to retaliate against Woods, beyond vague and unsupported statements that medical care for his Achilles tendon injury was delayed.  (*See id.* at 24-25.)  The complaint alleges that as a result of the retaliation, Woods needed to undergo a second surgery on his Achilles tendon on November 8, 2021.  (*Id.* at 26.)

The complaint alleges that the purported retaliation continued from November 8, 2021 to December 14, 2021.  (*Id.*)  Woods was allegedly denied showers for two weeks and denied use of a handicap accessible shower on an unspecified occasion, which caused him to injure his head, back, and neck.  (*Id.*)  The complaint also alleges in conclusory fashion that he was transferred to a cell with "squalid" conditions, that officials fabricated misconduct reports against him, that officials denied medical care for his injury, and that officials damaged his typewrite and computer.  (*Id.* at 26-27.)  Woods seeks compensatory damages, punitive damages, and injunctive relief.  (*Id.* at 29.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, district courts are required to review complaints in civil actions in which prisoners seek redress from governmental entities or officers or employees of governmental entities.  28 U.S.C. § 1915A(a).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. *Id.* § 1915A(b). In screening complaints, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *Iqbal*, 556 U.S. at 678.

When evaluating the plausibility of a complaint, the court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *Kedra*, 876 F.3d at 434 (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. conclusory statements "are not entitled to the assumption of truth." *Id.* at 679.

4

Additionally, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* "is to be liberally construed." *Estelle*, 429 U.S. at 106.  A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

#### A. Motion to Dismiss

Woods has filed his complaint pursuant to Section 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005.  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  *Id*.

5

To state a claim under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode*, 845 F.2d at 1207); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode*, 845 F.2d at 1207.

The court will dismiss Woods's complaint without prejudice for failure to allege personal involvement. Only six of the forty Defendants are mentioned in the factual allegations of the complaint—Defendants Ralston, Price, Rivello, Spyker, Kohler, and Loy—and the only mention of Defendants Rivello, Spyker, Kohler, and Loy is to state that they "had a duty to provide for the safety and well-being of Plaintiff while confined at the SCI-Huntingdon prison" and that they were responsible for overseeing the actions of Defendants Ralston and Price. (*See* Doc. No. 1 at 20-27.) These conclusory statements are not sufficient to allege personal

6

involvement.  Accordingly, the complaint clearly fails to allege the personal involvement of all Defendants other than Ralston and Price.

As for Defendants Ralston and Price, the complaint alleges in conclusory fashion that they directed other prison officials to violate Woods's civil rights as part of the "buddy-buddy" conspiracy, but it is not clear from the complaint that they were personally involved in any of the alleged civil rights violations.  Ralston and Price's supervisory roles in the prison and Woods's conclusory and unsupported assertions of a conspiracy are not sufficient to allege personal involvement.  Accordingly, the court will dismiss the complaint for failure to allege personal involvement by any of the forty Defendants.

### B.     Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the court finds that granting Woods leave to amend is appropriate because the court cannot say at this time that amendment of the complaint would be futile or unjust.

## IV. CONCLUSION

The court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted and grant Woods leave to file an amended complaint. An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: January 30, 2024